# EXHIBIT 1



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**May 11, 2018 10:30**

By: JAMES S. WERTHEIM 0029464

Confirmation Nbr. 1381910

DANIEL JOHNSON                                        CV 18 897594

    vs.

GEICO INSURANCE COMPANY           **Judge:**  MICHAEL P. SHAUGHNESSY

**Pages Filed:**  25

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Daniel Johnson | ) | CASE NO. _____ |
| 2708 E. 89th Street | ) | |
| Cleveland, OH 44104, | ) | JUDGE _____ |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **CLASS ACTION COMPLAINT** |
| | ) | *(Jury Demand Endorsed Hereon)* |
| GEICO Insurance Company | ) | |
| GEICO Choice Insurance Company | ) | |
| One Geico Plaza | ) | |
| Washington, DC 20076, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Daniel Johnson (hereinafter, "Plaintiff" or "Johnson"), individually and on behalf of all others similarly situated, alleges as follows:

### I.    INTRODUCTION

1.    Plaintiff is an Ohio resident who resides in Cuyahoga County and who purchased automobile insurance from Defendant Geico Insurance Company or Geico Choice Insurance Company (hereinafter, "Geico").

2.    Geico does business in Ohio and is in the business of selling automobiles insurance to consumers.

3.    Johnson purchased a policy from Geico (the "Policy"), policy number 4482811581, that contained medical payments coverage ("Med-Pay") in the amount of $10,000, which according to the Policy is "Protection For You and Your Passengers For Medical Expenses".

4.    The Policy provides that Geico will pay "**all reasonable expenses actually incurred…"** (emphasis added) up to policy limits**.**

5.      Nowhere in the Policy are the expenses incurred limited to charges "reasonable when compared to the charges of other providers in the same geographic area."

6.      Insurance policies are strictly construed against the drafter and any ambiguity is construed in favor of the insured.

7.      However, Geico did not pay Johnson the reasonable expenses he actually incurred, but instead made random deductions and paid Johnson amounts less than owed under the Policy.

8.      Geico regularly violates its non-negotiable contract of adhesion by not paying monies owed under the definition it created in the Med-Pay coverage by making reductions based upon the allegation that the expense is more than others in the area charge.

9.      This class action seeks equitable and monetary relief to remedy Geico's ongoing breach of contract in failing to pay what is owed under the Med-Pay coverage.

10.     Plaintiffs seek injunctive and other equitable relief, as well as an award of appropriate damages, compensatory damages, punitive damages, reasonable attorney fees, and such other and further relief as this Honorable Court deems appropriate.

## II.      STATEMENT OF FACTS

11.     Before August 30, 2017, Plaintiff purchased a policy of insurance from Geico.

12.     A copy of the Policy is attached as Ex. 1.

13.     On August 30, 2017, Johnson was involved in a motor vehicle accident.

14.     He immediately sought treatment at the Cleveland Clinic Emergency room.

15.     He was billed $339.00 for professional services and $796.00 for "technical" services treatment.

16.     He was told to return if he felt increased neck pain or tingling.

17.    He returned to the Cleveland Clinic on September 9, 2017 with persistent pain and "numbness weakness paresthesia."

18.    X-rays were ordered.

19.    He was billed $721 for professional services and $1,070 for technical services treatment.

20.    He then sought treatment with Dr. Todd Hochman, M.D.

21.    He was billed $3,279 by Dr. Hochman.

22.    Johnson submitted his medical bills to Geico for reimbursement under the Med Pay coverage.

23.    The matter was assigned claim number 0591150100101011.

24.    The bills were timely provided.

25.    The treatment was undeniably actually incurred.

26.    The amount submitted was within Policy limits.

27.    Geico never disputed that the treatment was incurred, that the invoices were timely provided, that the amount claimed was within the policy limits or that the treatment was not reasonable.

28.    Johnson submitted total bills from the emergency room physicians at the Cleveland Clinic in the amount of $1,060.00

29.    Geico paid the full amount.

30.    Johnson submitted medical bills from the Cleveland Clinic, the same facility for which Geico had paid the full amount of the physician's bills, for the technical services treatment portion of his treatment in the amount of $1,866 consisting of three separate charges.

31.     Geico paid $1,211, deducting $665 based upon the allegation that the charges "exceeded an amount that is reasonable when compared to the charges of other providers in the same geographic area."

32.     There is nothing in the Policy that allows for such a reduction as the Policy does not define reasonable to be a comparison to charges of other providers.

33.     The Cleveland Clinic is the largest provider of medical services in Ohio.

34.     Geico paid the full amount of some of the services provided by the Cleveland Clinic.

35.      Johnson submitted Dr Hochman's invoices and was paid in full, except for the random reduction of one charge based on the allegation that it "exceeded an amount that is reasonable when compared to the charges of other providers in the same geographic area."

36.     However, Geico did paid the same exact charge for the same exact service rendered by Dr. Hochman dozens of other times.

### III.     CLASS ALLEGATIONS

37.     Pursuant to Civ. R. 23 of the Ohio Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and a nationwide classis of persons similarly situated, to remedy the ongoing breaches of the Policy alleged herein and to seek redress on behalf of all those persons who have been harmed thereby.

38.     The Class is defined as all people who:

a.     Purchased a policy of automobile insurance from Geico;

b.     That contained a medical payments provision which provided that Geico would pay "all reasonable expenses actually incurred…";

c.      Where Geico made any deduction to the amount requested by the insured and paid less than the amount submitted based upon code 765 or the allegation that the charge "exceeded an amount that is reasonable when compared to the charges of other providers in the same geographic area";

d.      In the eight (8) years preceding the filing of this action or the time period provided in each state's statute of limitations for written contracts.

39.      The Ohio Bad Faith Sub Class is defined as Ohio residents who:

a.      Purchased a policy of automobile insurance from Geico;

b.      That contained a medical payments provision which provided that Geico would pay "all reasonable expenses actually incurred…";

c.      Where Geico made any deduction to the amount requested by the insured and paid less than the amount submitted based upon code 765 or the allegation that the charge "exceeded an amount that is reasonable when compared to the charges of other providers in the same geographic area";

d.      In the eight (8) years preceding the filing of this action.

40.      The class is so numerous that joinder of all members would be impracticable. The exact size of the proposed classes and the identity of the members thereof are readily ascertainable from Geico's business records.

41.      There is community of interest among the members of the proposed classes in that there are questions of law and fact common to the proposed classes that predominate over questions affecting only individual members. These questions include, *inter alia*:

a.      Did they purchase a policy of insurance from Geico with Med-Pay coverage that provided that Geico would pay all reasonable expenses actually incurred?

b.      Did Geico make a deduction in payment based upon code 765 or the allegation that a charge "exceeded an amount that is reasonable when compared to the charges of other providers in the same geographic area"?

c.      Was Geico entitled to pay less than the amount requested based on the allegation that the charge "exceeded an amount that is reasonable when compared to the charges of other providers in the same geographic area"?

d.      Did Geico breach the policy by making payments for less than the full amount based upon this assertion?

e.      Are the class members entitled to actual damages in the amounts withheld?

f.      Are the Ohio class members entitled to punitive and bad faith damages based upon Geico's actions?

42.     Plaintiff's claims are typical of those of the classes he seeks to represent, and he will fairly and adequately represent the interests of the class. Plaintiff is represented by counsel competent and experienced in class action litigation.

43.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically infeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against Geico and would establish incompatible standards of conduct for Geico.

## IV.    CLAIMS

### A.    First Claim for Relief (Breach of Contract)

44.     Plaintiff realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

45.     Geico's policy of insurance provided for payments of all reasonable expenses actually incurred.

46.     Geico did not pay for all reasonable expenses actually incurred.

47.     Geico took deductions and did not pay customers for charges which allegedly "exceeded an amount that is reasonable when compared to the charges of other providers in the same geographic area."

48.     These deductions were a breach of the policy of insurance.

49.     As a direct and proximate result, Johnson and members of the class were damaged in the amount of the reductions in payments.

### B.    Second Claim for Relief (Ohio Bad Faith)

50.     Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

51.     Geico took deductions and paid less than the amounts owed without any reasonable basis to do so.

52.     Geico's actions constitute bad faith under Ohio law.

53.     As a direct and proximate result, Plaintiff and the Ohio Bad Faith Sub Class were denied monies owed under the policies of insurance without basis or cause and are entitled to actual and punitive damages in an amount to be determined at trial, and attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests:

A.      Certification of the Class requested above and appointment of Plaintiff as the Class Representative and his counsel as Class Counsel;

B.      An order and/or judgment awarding Plaintiff and the Class Members all actual and/or punitive damages permitted by law;

C.      An order granting reasonable attorney fees and costs, as well as pre- and post-judgment interest at the maximum legal rate; and

D.      Such other and further relief as the Court finds just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,


/s/James S. Wertheim
JAMES S. WERTHEIM (0029464)
James S Wertheim LLC
24700 Chagrin Blvd., Suite 309
Beachwood, OH 44122
(Ph.) 216-902-1719
wertheimjim@gmail.com

*Counsel for Plaintiff*



**GEICO**

ONE GEICO PLAZA
Washington, D. C. 20076-0001
Telephone: 1-800-841-3000

# Ohio
# Family
# Automobile
# Insurance
# Policy

# POLICY INDEX

Page

**SECTION I**
**Liability Coverages**
**Your Protection Against Claims From Others**

| | |
|---|---|
| Definitions | 3 |
| Losses We Will Pay For You | 3 |
| Additional Payments We Will Make Under The | |
|     Liability Coverages | 3 |
|     Legal Expenses And Court Costs | |
|     Bail And Appeal Bonds | |
|     First Aid Expenses | |
| Exclusions: When Section I Does Not Apply | 4 |
| Persons Insured: Who Is Covered | 4 |
| Financial Responsibility Laws | 5 |
| Out Of State Insurance | 5 |
| Limits Of Liability | 5 |
| Other Insurance | 5 |
| Conditions | 5 |
|     Notice | |
|     Two Or More Autos | |
|     Assistance And Cooperation Of The Insured | |
|     Action Against Us | |
|     Subrogation | |

**SECTION II**
**Automobile Medical Payments Coverage**
**Protection For You And Your Passengers For Medical Expenses**

| | |
|---|---|
| Definitions | 6 |
| Payments We Will Make | 6 |
| Exclusions: When Section II Does Not Apply | 6 |
| Limit Of Liability | 7 |
| Other Insurance | 7 |
| Conditions | 7 |
|     Notice | |
|     Two Or More Autos | |
|     Action Against Us | |
|     Medical Reports - Proof And Payment Of Claims | |
|     Subrogation | |

**SECTION III**
**Physical Damage Coverages**
**Your Protection For Loss Of Or Damage To Your Car**

| | |
|---|---|
| Definitions | 7 |
| Losses We Will Pay | 8 |
|     Comprehensive Coverage | 8 |
|     Collision Coverage | 8 |
| Additional Payments We Will Make Under The | |
|     Physical Damage Coverages | 9 |
|     Car Rental If Your Car Is Stolen | |
| Exclusions: When The Physical Damage | |
|     Coverages Do Not Apply | 9 |
| Limit Of Liability | 9 |
| Other Insurance | 10 |

Page

| | |
|---|---|
| Conditions | 10 |
|     Notice | |
|     Two Or More Autos | |
|     Assistance And Cooperation Of The Insured | |
|     Action Against Us | |
|     Insured's Duties In Event Of Loss | |
|     Appraisal | |
|     Payment Of Loss | |
|     No Benefit To Bailee | |
|     Subrogation | |
|     Assignment | |

**SECTION IV**
**Uninsured Motorists Coverage**
**Your Protection For Injuries Caused By Uninsured And Hit And Run Motorists**

| | |
|---|---|
| Definitions | 11 |
| Losses We Pay | 12 |
| Exclusions: When Section IV Does Not Apply | 12 |
| Limits Of Liability | 13 |
| Other Insurance | 13 |
| Arbitration | 13 |
| Trust Agreement | 13 |
| Conditions | 14 |
|     Notice | |
|     Limitation on Claims | |
|     Action Against Us | |
|     Proof Of Claim - Medical Reports | |
|     Payment Of Loss | |

**SECTION V**
**General Conditions**
**The Following Apply To All Coverages In This Policy**

| | |
|---|---|
| Territory | 14 |
| Premium | 14 |
| Changes | 14 |
| Assignment | 15 |
| Policy Period | 15 |
| Cancellation By The Insured | 15 |
| Cancellation By Us | 15 |
| Cancellation By Us Is Limited | 15 |
| Renewal | 15 |
| Other Insurance | 16 |
| Dividend Provision | 16 |
| Declarations | 16 |
| Fraud And Misrepresentation | 16 |
| Examination Under Oath | 16 |
| Terms Of Policy Conformed To Statutes | 16 |

**SECTION VI**
**Amendments And Endorsements**

| | |
|---|---|
| Special Endorsement | |
|     United States Government Employees | 17 |

Electronically Filed 05/11/2018 10:30 / / CV 18 897594 / Confirmation Nbr. 1381910 / CLJML

Whenever, "he," "his," "him," "himself" appears in this policy, you may read "she," "her," "hers," or "herself. "

## AGREEMENT

We, the Company named in the declarations attached to this policy, make this agreement with you, the policyholder.  Relying on the information you  have furnished and the declarations attached to this policy and if you pay your premium when due, we will do the following:

## SECTION I - LIABILITY COVERAGES
### Your Protection Against Claims From Others  Bodily Injury Liability Property Damage Liability

## DEFINITIONS

The words italicized in Section I of this policy are defined below.

1. *Auto business* means the business of selling, repairing, servicing, storing, transporting or parking of autos.

2. *Bodily injury* means bodily injury to a person, including resulting sickness, disease or death.

3. *Farm auto* means a truck type vehicle with a gross vehicle weight of 15,000 pounds or less, not used for commercial purposes other than farming

4. *Insured* means a person or organization described under PERSONS INSURED.

5. *Non-owned auto* means an automobile or *trailer* not owned by or furnished for the regular use of either *you* or a *relative*, other than a *temporary substitute auto*   An auto rented or leased for more than 30 days will be considered as furnished for regular use.

6. *Owned auto* means:
   (a) a vehicle described in this policy for which a premium charge is shown for these coverages;
   (b) a *trailer* owned by *you*;
   (c) a *private passenger*, *farm* or *utility auto* ownership of which *you* acquire during the policy period or for which *you* enter into a lease during the policy period for a term of six months or more, if
      (i) it replaces an *owned auto* as defined in (a) above; or
      (ii) we insure all *private passenger, farm* and *utility autos* owned or leased by *you* on the date of the acquisition, and *you* ask us to add it to the policy no more than 30 days later;
   (d) a *temporary substitute auto.*

7. *Private passenger auto* means a four-wheel private passenger, station wagon or jeep-type auto.

8. *Relative* means a person related to *you* who resides in *your* household

9. *Temporary substitute auto* means an automobile or *trailer*, not owned by *you*, temporarily used with the permission of the owner.  This vehicle must be used as a substitute for the *owned auto* or *trailer* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction

10. *Trailer* means a trailer designed to be towed by a *private passenger auto*, if not being used for business or commercial purposes with a vehicle other than a *private passenger, farm* or *utility auto*

11. *Utility auto* means a vehicle, other than a *farm auto*, with a gross vehicle weight of 15,000 pounds or less of the pick-up body, van or panel truck type not used for commercial purposes.

12. *War* means armed conflict between nations, whether or not declared, civil war, insurrection, rebellion or revolution

13. *You* and *your* means the policyholder named in the declarations or his or her spouse if a resident of the same household.

## LOSSES WE WILL PAY FOR YOU  UNDER SECTION I

Under Section I, we will pay damages which an *insured* becomes legally obligated to pay because of:

1. *bodily injury*, sustained by a person, or;

2. damage to or destruction of property, arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto*.  We will defend any suit for damages payable under the terms of this policy   We may investigate and settle any claim or suit.

## ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES

1. All investigative and legal costs incurred by us.

2. All court costs charged to an *insured* in a covered lawsuit.

3. Interest calculated on that part of a judgment that is within our limit of liability and accruing:
   (a) Before the judgment, where owed by law, and until we pay, offer to pay, or deposit in court the amount due under this coverage;
   (b) After the judgment, and until we pay, offer to pay, or deposit in court, the amount due under this coverage

4. Premiums for appeal bonds in a suit we appeal, or premiums for bonds to release attachments, but the face amount of these bonds may not exceed the applicable limit of our liability

5.   Premiums for bail bonds paid by an *insured* due to traffic law violations arising out of the use of an **owned auto** or **non-owned auto**, not to exceed $250 per bail bond.

6.   We will upon request by an *insured*, provide reimbursement for the following items:

   (a)  Costs incurred by any *insured* for first aid to others at the time of an accident involving an **owned auto** or **non-owned auto**.
   (b)  Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.
   (c)  All reasonable costs incurred by an *insured* at our request

## EXCLUSIONS
### When Section I Does Not Apply

Section I does not apply to any claim or suit for damage if one or more of the exclusions listed below applies.

1.   *Bodily injury* to any *insured* or any family member of an *insured* residing in his household is not covered
2.   Section I does not apply to any vehicle used to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products.  However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.
3.   *Bodily injury* or property damage caused intentionally by or at the direction of an *insured* is not covered.
4.   We do not cover *bodily injury* or property damage that is insured under a nuclear liability policy
5.   *Bodily injury* or property damage arising from the operation of farm machinery is not covered
6.   *Bodily injury* to an employee of an *insured* arising out of and in the course of employment by an *insured* is not covered.
     However, *bodily injury* of a domestic employee of the *insured* is covered unless benefits are payable or are required to be provided under a workers' or workmen's compensation law
7.   We do not cover *bodily injury* to a fellow employee of an *insured* if the fellow employee's *bodily injury* arises from the use of an auto while in the course of employment and if workers' compensation or other similar coverage is available.  We will defend *you* if suit is brought by a fellow employee against *you* alleging use, ownership or maintenance of an auto by *you*.
8.   We do not cover an **owned auto** while used by a person (other than *you* or a *relative*) when he is employed or otherwise engaged in the **auto business**.
9.   A **non-owned auto** while maintained or used by any person is not covered while such person is employed or otherwise engaged in (1) any **auto business** if the accident arises out of that business; (2) any other business or occupation of any *insured*, if the accident arises out of that business or occupation, except a **private passenger auto** used by *you* or *your* chauffeur or domestic servant while engaged in such other business.
10.  We do not cover damage to:
     (a)  property owned, operated or transported by an *insured*; or
     (b)  property rented to or in charge of an *insured* other than a residence or private garage.
11.  We do not cover an auto acquired by *you* during the policy term, if *you* have purchased other liability insurance for it.
12.  We do not cover:
     (a)  the United States of America or any of its agencies.
     (b)  any person, including *you*, if protection is afforded under the provisions of the Federal Tort Claims Act
13.  We do not cover *bodily injury* or property damage caused by an auto driven in or preparing for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.
14.  We do not cover any liability assumed under any contract or agreement.
15.  We do not cover punitive or exemplary damages recovered or potentially recoverable from any *insured* arising from the use or abuse of alcohol, medication or drugs.

## PERSONS INSURED
### Who Is Covered

Section I applies to the following as *insureds* with regard to an **owned auto**:

1.   *you* and *your relatives*,
2.   any other person who is using the auto with *your* permission but only if such person is not insured by any other vehicle liability insurance policy, a self-insurance liability program, or a liability bond while using the auto.  The actual use must be within the scope of that permission

     However, if this policy is certified as proof of financial responsibility, then Section I applies to any other person using the auto with *your* permission.  The actual use must be within the scope of that permission;
3.   any other person or organization for his or its liability because of acts or omissions of an *insured* under 1. or 2. above

Section I applies to the following with regard to a **non-owned auto**

1.  (a)  **you**;
    (b)  **your relatives** when using a **private passenger, farm** or **utility auto** or **trailer**
    Such use by **you** or **your relatives** must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission.

2.  a person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of an **insured** under 1. above.

The limits of liability stated in the declarations are our maximum obligations regardless of the number of **insureds** involved in the occurrence.

## FINANCIAL RESPONSIBILITY LAWS

When this policy is certified as proof of financial responsibility for the future under the provisions of a motor vehicle financial responsibility law, this liability insurance will comply with the provisions of that law. The **insured** agrees to reimburse us for payments made by us which we would not have had to make except for this agreement.

## OUT OF STATE INSURANCE

When the policy applies to the operation of a motor vehicle outside of **your** state, we agree to increase **your** coverages to the extent required of out-of-state motorists by local law. This additional coverage will be reduced to the extent that **you** are protected by another insurance policy. No person can be paid more than once for any item of loss.

## LIMITS OF LIABILITY

Regardless of the number of autos or **trailers** to which this policy applies:

1.  The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including damages for care and loss of services, because of **bodily injury** sustained by one person as the result of one occurrence.

2.  The limit of such liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of **bodily injury** sustained by two or more persons as the result of any one occurrence.

3.  The limit of property damage liability stated in the declarations as applicable to "each occurrence" is the total limit of our liability for all damages because of injury to or destruction of the property of one or more persons or organizations, including the loss of use of the property as the result of any one occurrence.

## OTHER INSURANCE

If the **insured** has other insurance against a **loss** covered by Section I of this policy, we will pay only our share of the damages. Our share is the proportion that our Limit of Liability bears to the total of all applicable limits.

Any insurance we provide for a vehicle **you** do not own will be excess over any other collectible insurance, self-insurance, or bond. Any insurance we provide for use of an **owned auto** by any person other than **you** will be excess over any other collectible insurance, self-insurance, or bond.

## CONDITIONS

The following conditions apply to Section I:

1.  NOTICE
    As soon as possible after an occurrence, written notice must be given us or our authorized agent stating:
    (a)  the identity of the **insured**;
    (b)  the time, place and details of the occurrence;
    (c)  the names and addresses of the injured, and of any witnesses; and
    (d)  the names of the owners and the description and location of any damaged property.

    If a claim or suit is brought against an **insured**, he must promptly send us each demand, notice, summons or other process received.

2.  TWO OR MORE AUTOS
    If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached **trailer** are considered to be one auto.

3.  ASSISTANCE AND COOPERATION OF THE **INSURED**
    The **insured** will cooperate and assist us, if requested:
    (a)  in the investigation of the occurrence,
    (b)  in making settlements,
    (c)  in the conduct of suits;
    (d)  in enforcing any right of contribution or indemnity against any legally responsible person or organization because of **bodily injury** or property damage,
    (e)  at trials and hearings;

(f)  in securing and giving evidence; and

(g)  by obtaining the attendance of witnesses.

Only at his own cost will the *insured* make a payment, assume any obligation or incur any cost other than for first aid to others

4.  ACTION AGAINST US

No suit will lie against us.

(a)  unless the *insured* has fully complied with all the policy's terms and conditions, and

(b)  until the amount of the *insured's* obligation to pay has been finally determined, either:

(i)  by a final judgment against the *insured* after actual trial; or

(ii)  by written agreement of the *insured*, the claimant and us.

A person or organization or the legal representative of either, who secures a judgment or written agreement, may then sue to recover up to the policy limits.

No person or organization, including the *insured*, has a right under this policy to make us a defendant in an action to determine the *insured's* liability.

Bankruptcy or insolvency of the *insured* or his estate will not relieve us of our obligations.

5.  SUBROGATION

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights.  The *insured* will do nothing after *loss* to prejudice these rights

This means we will have the right to sue for or otherwise recover the *loss* from anyone else who may be held responsible.

---

## SECTION II - AUTO MEDICAL PAYMENTS
### Protection For You And Your Passengers For Medical Expenses

---

**DEFINITIONS**

The definitions of terms shown under Section I apply to this Coverage  In addition, under this Coverage, *occupying* means in or upon or entering into or alighting from.

**PAYMENTS WE WILL MAKE**

Under this Coverage, we will pay all reasonable expenses actually incurred by an *insured* within one year from the date of accident for necessary medical, surgical, x-ray, dental services, prosthetic devices, ambulance, hospital, professional nursing and funeral services  The one year limit does not apply to funeral services  In addition, these expenses shall be submitted for payment within two years from the date of the accident.

This Coverage applies to:

1.  *you* and each *relative* who sustains *bodily injury* caused by accident:

(a)  while *occupying* the *owned auto*, or

(b)  while *occupying* a *non-owned auto* if *you* or *your relative* reasonably believe *you* have the owner's permission to use the auto and the use is within the scope of that permission; or

(c)  when struck as a pedestrian by an auto or *trailer*.

2.  any other person who sustains *bodily injury* caused by accident while *occupying* the *owned auto* while being used by *you*, a resident of *your* household, or other persons with *your* permission.

**EXCLUSIONS**

**When Section II Does Not Apply**

1.  There is no coverage for *bodily injury* sustained by any occupant of an *owned auto* used to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products.  However a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered

2.  There is no coverage for an *insured* while *occupying* a vehicle located for use as a residence or premises.

3.  *You* and *your relatives* are not covered for *bodily injury* sustained while *occupying* or when struck by:

(a)  a farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads, or

(b)  a vehicle operated on rails or crawler-treads.

4.  There is no coverage for persons employed in the *auto business*, if the accident arises out of that business and if benefits are required to be provided under a workers' compensation law.

5.  There is no coverage for *bodily injury* sustained due to *war*.

6.  The United States of America or any of its agencies are not covered as an *insured*, a third party beneficiary, or otherwise.

7.  We do not cover bodily injury caused by an auto driven in or preparing for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

## LIMIT OF LIABILITY

The limit of liability for medical payments stated in the declarations as applying to "each person" is the limit we will pay for all costs incurred by or on behalf of each person who sustains **bodily injury** in one accident. This applies regardless of the number of persons insured or the number of autos or **trailers** to which this policy applies.

## OTHER INSURANCE

If the **insured** has other medical payments insurance against a loss covered by Section II of this policy, we will not owe more than our pro rata share of the total coverage available

Any insurance we provide to a person who sustains **bodily injury** while **occupying** a vehicle **you** do not own shall be excess over any other valid and collectible insurance

## CONDITIONS

The following conditions apply to this Coverage.

1.  NOTICE

    As soon as possible after an accident, written notice must be given us or our authorized agent stating:

    (a)  the identity of the **insured**,

    (b)  the time, place and details of the accident; and

    (c)  the names and addresses of the injured, and of any witnesses

2.  TWO OR MORE AUTOS

    If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached **trailer** are considered to be one auto

3.  ACTION AGAINST US

    Suit will not lie against us unless the **insured** has fully complied with all the policy terms

4.  MEDICAL REPORTS - PROOF AND PAYMENT OF CLAIMS

    As soon as possible, the injured person or his representative will furnish us with written proof of claim, under oath if required. After each request from us, he will give us written authority to obtain medical reports and copies of records. The injured person will submit to an examination by doctors chosen by us and at our expense as we may reasonably require.

    We may pay either the injured person, the doctor or other persons or organizations rendering medical services. These payments are made without regard to fault or legal liability of the **insured**

5.  SUBROGATION

    When we make a payment under this coverage we will be subrogated (to the extent of payment made by us) to the rights of recovery the injured person or anyone receiving the payments may have against any person or organization. Such person will do whatever is necessary to secure our rights and will do nothing to prejudice them.

6.  NON-DUPLICATION

    No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and under the Uninsured and Underinsured Motorists Coverage section of this policy.

---

### SECTION III - PHYSICAL DAMAGE COVERAGES
#### Your Protection For Loss Or Damage To Your Car

---

## DEFINITIONS

The definitions of the terms **auto business, farm auto, private passenger auto, relative, temporary substitute auto, utility auto, you, your,** and **war** under Section I apply to Section III also. Under this Section, the following special definitions apply.

1.  **Actual cash value** is the replacement cost of the auto or property less **depreciation** or **betterment**

2.  **Betterment** is improvement of the auto or property to a value greater than its pre-loss condition

3.  **Collision** means **loss** caused by upset of the covered auto or its collision with another object, including an attached vehicle

4.  **Custom parts or equipment** means paint, equipment, devices, accessories, enhancements, and changes, other than those which are original manufacturer installed, which

    (a)  are permanently installed or attached; or

    (b)  alter the appearance or performance of a vehicle,

    This includes any electronic equipment, antennas, and other devices used exclusively to send or receive audio, visual, or data signals, or to play back recorded media, other than those which are original manufacturer installed, that are permanently installed in the **owned auto** or a newly acquired vehicle using bolts or brackets, including slide-out brackets.

5.  **Depreciation** means a decrease or loss in value to the auto or property because of use, disuse, physical wear and tear, age, outdatedness or other causes.

6. **Insured** means.
   (a) regarding the **owned auto** :
      (i) **you** and **your relatives**;
      (ii) a person or organization maintaining, using or having custody of the auto with **your** permission, if his use is within the scope of that permission.
   (b) regarding a **non-owned auto** , **you** and **your relatives**, using the auto, if the actual operation or use is with the permission or reasonably believed to be with the permission of the owner and within the scope of that  permission
7. **Loss** means direct and accidental loss of or damage to:
   (a) the auto, including its equipment; or
   (b) other insured property
8. **Non-owned auto** means a **private passenger, farm** or **utility** auto or **trailer** not owned by or furnished for the regular use of either **you** or **your relatives**  except a **temporary substitute auto**.  **You** or **your relative** must be using the auto or **trailer** within the scope of permission given by its owner  An auto rented or leased  for more than 30 days will be considered as furnished for regular use
9. **Owned auto** means:
   (a) any vehicle described in this policy for which a specific premium charge indicates there is coverage;
   (b) a **private passenger, farm** or **utility auto** or a **trailer**, ownership of which is acquired by **you** during the policy period or for which **you** enter into a lease during the policy period for a term of six months or more; if
      (i) it replaces an **owned auto** as described in (a) above, or
      (ii) we insure all **private passenger, farm, utility autos** and **trailers** owned or leased by **you** on the date of such acquisition and **you** request us to add it to the policy within 30 days afterward,
   (c) a **temporary substitute auto.**
10. **Trailer** means a trailer designed to be towed by a **private passenger auto** and not used as a home, residence, office, store, display or passenger trailer  **Trailer** does not mean a trailer with built-in sleeping facilities designed for recreational or camping use.

## LOSSES WE WILL PAY FOR YOU
### Comprehensive (Excluding *Collision*)

1. We will pay for each **loss** less the applicable deductible, caused other than by **collision**, to the **owned** or **non-owned auto.** This includes breakage of glass and **loss** caused by.

   | | |
   |---|---|
   | (a) missiles; | (j) windstorm. |
   | (b) falling objects; | (k) hail; |
   | (c) fire; | (l) water; |
   | (d) lightning; | (m) flood; |
   | (e) theft; | (n) malicious mischief; |
   | (f) larceny, | (o) vandalism. |
   | (g) explosion; | (p) riot, or |
   | (h) earthquake; | (q) civil commotion |
   | (i)  colliding with a bird or animal; | |

   At the option of the **insured**, breakage of glass caused by **collision** may be paid under the Collision Coverage, if included in the policy

2. We will pay, up to $200 per occurrence, less any deductible shown in the declarations, for **loss** to personal effects due to:

   | | |
   |---|---|
   | (a) fire, | (e) falling objects; |
   | (b) lightning, | (f)  earthquake, or |
   | (c) flood; | (g) explosion. |
   | (d) theft of the entire automobile; | |

   The property must be owned by **you** or a **relative,** and must be in or upon an **owned auto**
3. **Losses** arising out of a single occurrence shall be subject to no more than one deductible.

### Collision

1. We will pay for **collision loss** to the **owned** or **non-owned auto** for the amount of each **loss** less the applicable deductible
2. We will pay up to $200 per occurrence, less the applicable deductible, for **loss** to personal effects due to a **collision** The property must be owned by **you** or a **relative**, and must be in or upon an **owned auto**.
3. **Losses** arising out of a single occurrence shall be subject to no more than one deductible.

**ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGE COVERAGES**

1.  We will reimburse the *insured* for transportation expenses incurred during the period beginning 48 hours after a theft of the entire auto covered by Comprehensive Coverage under this policy has been reported to us and the police. Reimbursement ends when the auto is returned to use or we pay for the *loss*.
    Reimbursement will not exceed $25 per day, or $750 per *loss*.

2.  We will pay general average and salvage charges for which the *insured* becomes legally liable when the auto is being transported.

**EXCLUSIONS**

**When The Physical Damage Coverages Do Not Apply**

1.  An auto used to carry persons or property for compensation or a fee, including but not limited to the delivery of food  or any other products is not covered.  However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

2.  *Loss* due to *war* is not covered.

3.  We do not cover *loss* to a *non-owned auto* when used by the *insured* in the *auto business*.

4.  There is no coverage for *loss* caused by and limited to wear and tear, freezing  mechanical or electrical breakdown or failure, unless that damage results from a covered theft.

5.  Tires, when they alone are damaged by *collision*, are not covered.

6.  *Loss* due to radioactivity is not covered.

7.  *Loss* to any tape, wire, record disc or other medium for use with a device designed for the recording and/or reproduction of sound is not covered.

8.  We do not cover *loss* to any radar or laser detector.

9.  We do not cover *trailers* when used for business or commercial purposes with vehicles other than *private passenger, farm* or *utility autos*.

10.  We do not cover *loss* for *custom parts or equipment* unless the existence of those *custom parts or equipment* has been previously reported to us and an endorsement to the policy has been added.

11.  We do not cover any physical damage to an auto being driven in or preparing for any racing, speed or demolition contest or stunting activity of  any nature, whether or not prearranged or organized.

12.  There is no coverage for any liability assumed under any contract or agreement.

13.  There is no coverage for *loss* or damage resulting from:
    (a)  the acquisition of a stolen vehicle;
    (b)  any governmental, legal or other action to return a vehicle to its legal, equitable, or beneficial owner, or anyone claiming an ownership interest in the vehicle;
    (c)  any confiscation, seizure or impoundment of a vehicle by governmental authorities, or
    (d)  the sale of an *owned auto*.

14.  There is no coverage for the destruction, impoundment, confiscation or seizure of a vehicle by governmental or civil authorities due to its use by *you*, a *relative* or a permissive user of the vehicle in illegal activity.

**LIMIT OF LIABILITY**

The limit of our liability for *loss*:

1.  is the *actual cash value* of the property at the time of the  *loss*;

2.  Will not exceed the prevailing competitive price to repair or replace the property at the time of  *loss*, or any of its parts, including parts from non-original equipment manufacturers, with other of like kind and quality and will not include compensation for any diminution of value that is claimed to result from the  *loss*.  Although *you* have the right to choose any repair facility or location, the limit of liability for repair or replacement of such property is the prevailing competitive  price which is the price we can secure from a competent and conveniently located repair facility.  At *your* request, we will identify a repair facility that will perform the repairs or replacement at the prevailing competitive price;

3.  to personal effects arising out of one occurrence is $200;

4.  to a *trailer* not owned by *you* is $500;

5.  for *custom parts or equipment* is limited to the *actual cash value* of the *custom parts or equipment*, not to exceed the *actual cash value* of the vehicle.
    *Actual cash value* of property will be determined at the time of the  *loss* and will include an adjustment for *depreciation/betterment* and for the physical condition of the property.

**OTHER INSURANCE**

If the *insured* has other insurance against a *loss* covered by Section III, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for a vehicle *you* do not own shall be excess over any other valid and collectible insurance

**CONDITIONS**

The following conditions apply only to the Physical Damage Coverages:

1.   NOTICE

As soon as possible after a *loss*, written notice must be given us or our authorized agent stating:

(a)  the identity of the *insured*;

(b)  a description of the auto or *trailer*;

(c)  the time, place and details of the *loss*; and

(d)  the names and addresses of any witnesses.

In case of theft, the *insured* must promptly notify the police.

2.   TWO OR MORE AUTOS

If this policy covers two or more autos or *trailers*, the limit of coverage and any deductibles apply separately to each.

3.   ASSISTANCE AND COOPERATION OF THE *INSURED*

The *insured* will cooperate and assist us, if requested:

(a)  in the investigation of the *loss*;

(b)  in making settlements,

(c)  in the conduct of suits,

(d)  in enforcing any right of subrogation against any legally responsible person or organization,

(e)  at trials and hearings;

(f)  in securing and giving evidence, and

(g)  by obtaining the attendance of witnesses.

4.   ACTION AGAINST US

Suit will not lie against us unless the policy terms have been complied with and until 30 days after proof of loss is filed and the amount of *loss* is determined.

If we retain salvage, we have no duty to preserve or otherwise retain the salvage for any purpose, including as evidence for any civil or criminal proceeding.  If *you* ask us immediately after a *loss* to preserve the salvage for inspection, we will do so for a period not to exceed 30 days.  *You* may purchase the salvage from us if *you* wish.

5.   *INSURED'S* DUTIES IN EVENT OF *LOSS*

In the event of *loss* the *insured* will:

(a)  Protect the auto, whether or not the *loss* is covered by this policy.  Further *loss* due to the *insured's* failure to protect the auto will not be covered.  Reasonable expenses incurred for this protection will be paid by us

(b)  File with us, within 91 days after *loss*, his sworn proof of loss including all information we may reasonably require

(c)  At our request, the *insured* will exhibit the damaged property.

6.   APPRAISAL

If we and the *insured* do not agree on the amount of *loss,* either may, within 60 days after proof of loss is filed, demand an appraisal of the *loss*.  In that event, we and the *insured* will each select a competent appraiser.  The appraisers will select a competent and disinterested umpire.  The appraisers will state separately the *actual cash value* and the amount of the *loss*.  If they fail to agree, they will submit the dispute to the umpire.  An award in writing of any two will determine the amount of *loss*.  We and the *insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

We will not waive our rights by any of our acts relating to appraisal

7.   PAYMENT OF *LOSS*

We may at our option:

(a)  pay for the *loss*, or

(b)  repair or replace the damaged or stolen property.

At any time before the *loss* is paid or the property replaced, we may return any stolen property to *you* or to the address shown in the declarations at our expense with payment for covered damage  We may take all or part of the property at the agreed or appraised value, but there will be no abandonment to us. We may settle claims for *loss* either with the *insured* or the owner of the property

8. NO BENEFIT TO BAILEE

This insurance does not apply directly or indirectly to the benefit of a carrier or other bailee for hire liable for the *loss* of the auto.

9. SUBROGATION

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after *loss* to prejudice these rights.

This means we will have the right to sue for or otherwise recover the *loss* from anyone else who may be held responsible.

10. ASSIGNMENT

With respect to Section III, Physical Damage Coverages, an assignment of interest under this policy will not bind us without our consent. Any nonconforming assignment shall be void and invalid. Moreover, the assignee of a nonconforming assignment shall acquire no rights under this contract and we shall not recognize any such assignment.

---

**SECTION IV - UNINSURED AND UNDERINSURED MOTORISTS COVERAGE**
**Protection For *You* And *Your* Passengers For Injuries Caused By Uninsured And Hit-And-Run Motorists**

---

## DEFINITIONS

The definitions of terms for Section I apply to Section IV, except for the following special definitions:

1. *Bodily injury* means bodily injury to *you*, including resulting sickness, disease or death.

2. *Hit-and-run motor vehicle* means a motor vehicle that causes *bodily injury* to an *insured*, provided:
   (a) the identity of the owner and operator of the motor vehicle cannot be determined;
   (b) there is independent corroborative evidence, other than the testimony of an *insured*, that the *bodily injury* was caused by the unidentified operator of the motor vehicle;
   (c) the *insured* or someone on his behalf reports the accident as a hit and run accident to a police, peace, or judicial officer or to the commissioner of motor vehicles within 24 hours of the accident;
   (d) we are notified under oath within 30 days of the accident and that a *hit-and-run motor vehicle* was responsible; and
   (e) at our request, *you* or *your* legal representative makes the auto which the *insured* was *occupying* at the time of the accident available for our inspection.

3. *Insured* means:
   (a) the individual named in the declarations and his or her spouse if a resident of the same household;
   (b) *relatives* of (a) above if residents of his household;
   (c) any person who is entitled to recover damages because of *bodily injury* sustained by an *insured* under (a) and (b) above.
   If there is more than one *insured*, our limit of liability will not be increased.

4. *Insured auto* is an auto:
   (a) described in the declarations or covered by the bodily injury liability coverage of this policy;
   (b) temporarily substituted for an *insured auto* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction; or
   (c) operated by *you* or *your* spouse if a resident of the same household.
   But the term *insured auto* does not include:
   (i) an auto used to carry passengers or goods for hire, except in a car pool;
   (ii) an auto being used without the owner's permission; or
   (iii) under subparagraphs (b) and (c) above, an auto owned by or furnished for the regular use of an *insured*.

5. *Occupying* means in, upon, entering into or alighting from.

6. *State* includes the District of Columbia, the territories and possessions of the United States, and the Provinces of Canada.

7. *Uninsured motor vehicle* is a motor vehicle which has no bodily injury liability bond or insurance policy applicable with liability limits complying with the financial responsibility law of the *state* in which the *insured auto* is principally garaged at the time of an accident. This term also includes an auto whose insurer is or becomes insolvent or denies coverage.
   The term *uninsured motor vehicle* does not include:
   (a) an *insured auto*,
   (b) an auto owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law of the *state* in which the motor vehicle is registered,

(c) an auto owned by the United States of America, any other national government, a state, or a political sub- division of any such government or its agencies unless the operator of the motor vehicle has an immunity under Chapter 2744 of the revised code that could be raised as a defense in an action brought against the operator;

(d) a land motor vehicle or *trailer* operated on rails or crawler-treads or located for use as a residence or premises, or

(e) a farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads.

(f) a motor vehicle owned by, furnished to, or available for the regular use of *you*, a spouse, or a resident *relative* of *you*.

(g) a trolley, streetcar, *trailer*, railroad engine, railroad car, motorized bicycle, golf cart, off-road recreational vehicle, snowmobile, fork lift, aircraft, watercraft, construction equipment, farm tractor or other vehicle designed and principally used for agricultural purposes, mobile home.

**8.** ***Underinsured motor vehicle*** means a motor vehicle on which the sum of the limits of liability under all bodily injury liability bonds and insurance policies covering persons liable for the *insured* are less than the limits for the Underinsured Motorists Coverage at the time of the accident.

The term ***underinsured motor vehicle*** does not include any vehicle or equipment:

(a) which is an *insured auto*;

(b) owned or operated by a self-insurer under any applicable motor vehicle law;

(c) owned or operated by the United States of America, any national government, a *state*, or a political sub-division of any such government and its agencies unless the operator of the motor vehicle has an immunity under Chapter 2744 of the revised code that could be raised as a defense in an action brought against the operator of the *insured*;

(d) a land motor vehicle or *trailer* operated on rails or crawler-treads or located for use as a residence or premises;

(e) a farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads;

(f) which is an *uninsured motor vehicle*; or

(g) a motor vehicle owned by, furnished to, or available for the regular use of *you*, a spouse, or a resident *relative* of *you*.

(h) a trolley, streetcar, *trailer*, railroad engine, railroad car, motorized bicycle, golf cart, off-road recreational vehicle, snowmobile, fork lift, aircraft, watercraft, construction equipment, farm tractor or other vehicle designed and principally used for agricultural purposes, mobile home.

## LOSSES WE PAY

Under the Uninsured and Underinsured Motorists Coverage we will pay damages for ***bodily injury*** caused by accident which the *insured* is legally entitled to recover from the owner or operator of an *uninsured* or ***underinsured motor vehicle*** or ***hit-and-run motor vehicle*** arising out of the ownership, maintenance or use of that auto.

The amount of the *insured's* recovery for these damages will be determined by agreement between the *insured* or his representative and us. The dispute may be arbitrated if an agreement cannot be reached. However, for an ***underinsured motor vehicle***, we will not pay until the total of all bodily injury liability insurance available has been exhausted by payment of judgments or settlements.

## EXCLUSIONS

### When Section IV Does Not Apply

1. This Coverage does not apply to ***bodily injury*** to an *insured* if the *insured* or his legal representative has made a settlement or has been awarded a judgment of his claim without our prior written consent.

2. The Uninsured and Underinsured Motorists coverage will not benefit any self insurer, or disability benefits insurer.

3. We do not cover the United States of America or any of its agencies as an *insured*, a third party beneficiary or otherwise.

4. We do not cover any person while *occupying* a vehicle described in the declarations on which Uninsured and Underinsured Motorists coverage is not carried.

5. We do not cover the *insured* while operating or *occupying* a motor vehicle owned by, furnished to, or available for the regular use of *you*, a spouse, or a resident *relative* of *you*, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the Uninsured and Underinsured Motorists coverage is provided.

6. We do not cover the *insured* while operating or *occupying* a motor vehicle without a reasonable belief that the *insured* is entitled to do so, provided that under no circumstances will an *insured* whose license has been suspended, revoked, or never issued, be held to have a reasonable belief that the *insured* is entitled to operate a motor vehicle.

7. **Bodily injury** or death caused by a motor vehicle operated by any person who is specifically excluded from coverage for bodily injury liability in the policy under which the Uninsured and Underinsured Motorist coverage is provided is not covered.

8. Regardless of any other provision of this policy, there is no coverage for punitive or exemplary damages under the Uninsured and Underinsured Motorists coverage of the policy.

9. We do not cover any person suffering **bodily injury** who is not an **insured** under the policy.

10. This coverage does not apply to any liability assumed under any contract or agreement.

11. This coverage does not apply to damage caused by an **insured's** participation in or preparation for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

## LIMITS OF LIABILITY

Regardless of the number of **insureds**, claims made vehicles or premiums shown in the declarations, or vehicles involved in the accident:

1. The limit of liability for Uninsured and Underinsured Motorists coverage stated in the declarations for "each person" is the limit of our liability for all damages, including those for care or loss of services, due to **bodily injury** sustained by one person as the result of one accident.

2. The limit of liability stated in the declarations as applicable to "each accident" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of **bodily injury** sustained by two or more persons as the result of one accident.

3. When coverage is afforded to two or more autos, the limits of liability shall apply separately to each auto as stated in the declarations but shall not exceed the highest limit of liability applicable to one auto.

4. If separate policies with us are in effect for **you** or any person in **your** household, they may not be combined to increase the limit of our liability for a loss.

5. The amount payable under this Coverage will be reduced by all amounts:
    (a) paid by or for all persons or organizations liable for the injury;
    (b) paid or payable under the Bodily Injury Coverage of this policy;
    (c) paid or payable under Auto Medical Payments Coverage of this policy; and
    (d) paid or payable under the medical payments coverage, no fault coverage, personal injury protection, or other similar coverage of any other motor vehicle policy.

6. The most we will pay for Underinsured Motorists coverage is the difference between the total limits of liability coverage carried by the at-fault party and the underinsured motorists limits of this policy.

## OTHER INSURANCE

Coverage under this Section may not be stacked with other uninsured or underinsured motorists coverage. If there is other applicable uninsured or underinsured motorists coverage, the maximum an **insured** may recover under all applicable uninsured or underinsured motorists coverages is the highest applicable limit of liability for one (1) vehicle under one (1) of the available policies, even though separate premiums may have been paid for each policy.

If there is other applicable uninsured or underinsured motorists coverage, we will pay only our share of the damages. Our share is the proportion that our limit of liability bears to the total of all available coverage limits. Any insurance we provide shall be excess over any other uninsured or underinsured motorists coverage, except for **bodily injury** to **you** or a **relative** when **occupying** an **insured auto**.

We will not pay for any damages which would duplicate any payment made for damages under other insurance.

## ARBITRATION

Except as set forth in the last sentence of this paragraph any dispute arising between any **insured** and us regarding:
    (a) the extent to which the **insured** is legally entitled to recover against an owner or operator of an **uninsured** and **underinsured motor vehicle** (i.e., issues of liability); or
    (b) the amount of damages sustained by the **insured**

may be arbitrated. However, neither the **insured** nor we will be required to arbitrate unless arbitration is expressly required by state law. Unless so required, binding arbitration will not be used to resolve disputes regarding policy interpretation, the existence of this Coverage in a particular policy, or the application of this Coverage to a particular claim or claimant.

We will be obligated to pay no more than the applicable policy limits for this Coverage regardless of whether an arbitration results in an award in excess of the applicable policy limits for this Coverage as defined in this policy. Unless otherwise required by state law, the method, manner and format of any arbitration process will be subject to agreement by **you** and us. Attorney fees and expenses will be paid by the party incurring them.

## TRUST AGREEMENT

When we make a payment under this Coverage:

1. We will be entitled to repayment of that amount out of any settlement or judgment the **insured** recovers from any person or organization legally responsible for the **bodily injury** including any amounts recoverable from an insurer that

is or becomes the subject of insolvency proceedings, through such proceedings or in any other lawful manner.

2. The **insured** will hold in trust for our benefit all rights of recovery which he may have against any person or organization responsible for these damages. He will do whatever is necessary to secure all rights of recovery and will do nothing after the loss to prejudice these rights.

3. At our written request, the **insured**, in his own name, will take, through a designated representative, appropriate actions necessary to recover payment for damages from the legally responsible person or organization. The **insured** will pay us out of the recovery for our expenses, costs and attorneys' fees.

4. The **insured** will execute and furnish us with any needed documents to secure his and our rights and obligations.

5. **You** will be required to prove all elements of the claim that are necessary to recover from the owner or operator of the **uninsured** or **underinsured motor vehicle**.

## CONDITIONS

The following conditions apply only to the Uninsured and Underinsured Motorists coverage.

1. NOTICE

As soon as possible after an accident, notice must be given us or our authorized agent stating:

(a) the identity of the **insured**;

(b) the time, place and details of the accident, and

(c) the names and addresses of the injured, and of any witnesses.

If the **insured** or his legal representative files suit before we make a settlement under this Coverage, he must immediately provide us with a copy of the pleadings.

2. LIMITATIONS ON CLAIMS

Any arbitration or suit against **us** will be barred unless commenced within **3 years (three years)** from the date of the accident.

3. ACTION AGAINST US

Suit will not lie against us unless the **insured** or his legal representative have fully complied with all the policy terms.

4. PROOF OF CLAIM - MEDICAL REPORTS

As soon as possible, the **insured** or other person making claim must give us written proof of claim, under oath if required. This will include details of the nature and extent of injuries, treatment, and other facts which may affect the amount payable.

Proof of claim must be made on forms furnished by us unless we have not furnished these forms within 15 days after receiving notice of claim.

The injured person will submit to examination by doctors chosen by us, at our expense, as we may reasonably require. In the event of the **insured's** incapacity or death, his legal representative must, at our request, authorize us to obtain medical reports and copies of records.

5. PAYMENT OF LOSS

Any amount due is payable:

(a) to the **insured** or his authorized representative;

(b) if the **insured** is a minor, to his parent or guardian; or

(c) if the **insured** is deceased, to his surviving spouse, otherwise

(d) to a person authorized by law to receive the payment, or to a person legally entitled to recover payment for the damages

We may, at our option, pay an amount due in accordance with (d) above.

## SECTION V - GENERAL CONDITIONS

These conditions apply to all Coverages in this policy

1. TERRITORY

This policy applies only to accidents, occurrences or losses during the policy period within the United States of America, its territories or possessions, or Canada or when the auto is being transported between ports thereof.

2. PREMIUM

When **you** dispose of, acquire ownership of, or replace a **private passenger, farm** or **utility auto**, any necessary premium adjustment will be made as of the date of the change and in accordance with our manuals.

3. CHANGES

The terms and provisions of this policy cannot be waived or changed, except by an endorsement issued to form a part of this policy.

We may revise this policy during its term to provide more coverage without an increase in premium. If we do so, **your** policy will automatically include the broader coverage when effective in **your** state.

The premium for each auto is based on the information we have in **your** file. **You** agree

(a) that we may adjust **your** policy premiums during the policy term if any of this information on which the premiums are based is incorrect, incomplete or changed.

(b) that **you** will cooperate with us in determining if this information is correct and complete.

(c) that **you** will notify us of any changes in this information.

Any calculation or recalculation of **your** premium or changes in **your** coverage will be based on the rules, rates and forms on file, if required, for our use in **your** state.

4.  ASSIGNMENT

**Your** rights and duties under this policy may not be assigned without our written consent. If **you** die, this policy will cover **your** surviving spouse, if covered under the policy prior to **your** death, and until the expiration of the policy term:

(a) the executor or administrator of **your** estate, but only while operating an **owned auto** and only while acting within the scope of his duties;

(b) any person having proper custody of and operating the **owned auto**, as an **insured** until the appointment and qualification of the executor or administrator of **your** estate.

5.  POLICY PERIOD

Unless otherwise cancelled, this policy will expire as shown in the declarations. But, it may be continued by our offer to renew and **your** acceptance by payment of the required renewal premium prior to the expiration date. Each period will begin and expire at 12.01 A.M. local time at **your** address stated in the declarations.

6.  CANCELLATION BY THE **INSURED**

**You** may cancel this policy by providing notice to us stating when, after the notice, cancellation will be effective. If this policy is cancelled, **you** may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals.

7.  CANCELLATION BY US

We may cancel this policy by mailing to **you**, at the address shown in this policy, written notice stating when the cancellation will be effective.

We will mail this notice:

(a) 10 days in advance if the policy has been in effect for less than 90 days and is not a renewal or if the proposed cancellation is for non-payment of premium or any of its installments when due,

(b) 30 days in advance in all other cases.

The mailing or delivery of the above notice will be sufficient proof of notice. The policy will cease to be in effect as of the date and hour stated in the notice.

If this policy is cancelled, **you** may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals. The premium will be mailed to **you** prior to the effective date of cancellation. Payment or tender of unearned premium is not a condition of cancellation.

8.  CANCELLATION BY US IS LIMITED

After this policy has been in effect for 90 days or, if the policy is a renewal, we will not cancel except for any of the following reasons:

(a) **You** do not pay the initial premium on other than a renewal policy or any additional premiums for this policy or fail to pay any premium installment when due to us or our agent.

(b) **You** obtained the policy through misrepresentation

(c) Any **insured** misrepresents a material fact in submitting a claim.

(d) **Your** license to drive or that of any family member covered as a driver has been suspended, revoked or expired

We will, however, rather than cancel the policy, exclude from all coverage the driver whose license was suspended, revoked or expired unless that driver is **you** or the principal operator.

We have the right to modify the Comprehensive Coverage under Section III by including a deductible not exceeding $100.

Failure to cancel for any reasons listed above will not obligate us to renew this policy.

9.  RENEWAL

We guarantee to renew this policy for **private passenger, farm,** or **utility autos** for the required number of policy periods to provide a minimum period of 24 successive months of coverage from the date **you** are initially insured

We will not refuse to renew this policy unless written notice of our refusal to renew is mailed to **you**, at the address shown in this policy, at least 30 days prior to the expiration date. The mailing or delivery of this notice by us will be sufficient proof of notice. This policy will expire without notice if any of the following conditions exist.

(a) **You** do not pay any premium as we require to renew this policy.

(b) **You** have informed us or our agent that **you** wish the policy to be cancelled or not renewed.

Electronically Filed 05/11/2018 10:30 / / CV 18 897594 / Confirmation Nbr. 1381910 / CLJML

(c) **You** do not accept our offer to renew or **you** refuse to provide us with renewal classification and rating information as we may require

**10.** OTHER INSURANCE

If other insurance is obtained on **your** insured auto, any similar insurance afforded under this policy for that auto will terminate on the effective date of the other insurance

If **you** relinquish possession of a leased vehicle of if **you** sell or relinquish ownership of an **owned auto**, any coverage provided by this policy will terminate on the date **you** do so.

**11.** DIVIDEND PROVISION

**You** are entitled to share in a distribution of the surplus of the Company as determined by its Board of Directors from time to time.

**12.** DECLARATIONS

By accepting this policy, **you** agree that:

(a) the statements in **your** application and in the declarations are **your** agreements and representations;

(b) this policy is issued in reliance upon the truth of these representations; and

(c) this policy, along with the application and declaration sheet, embodies all agreements relating to this insurance. The terms of this policy cannot be changed orally.

**13.** FRAUD AND MISREPRESENTATION

Coverage is not provided to any person who knowingly conceals or misrepresents any material fact or circumstance relating to this insurance.

(a) at the time of application; or

(b) at any time during the policy period; or

(c) in connection with the presentation or settlement of a claim.

**14.** EXAMINATION UNDER OATH

The **insured** or any other person seeking coverage under this policy must submit to examination under oath by any person named by us when and as often as we may require.

**15.** TERMS OF POLICY CONFORMED TO STATUTES

Any terms of this policy in conflict with the statutes of Ohio are amended to conform to those statutes

**16.** DISPOSAL OF VEHICLE

If **you** relinquish possession of a leased vehicle or if **you** sell or relinquish ownership of an **owned auto**, any coverage provided by this policy for that vehicle will terminate on the date **you** do so.

**17.** CHOICE OF LAW

The policy and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of the state of Ohio.

## SECTION VI - AMENDMENTS AND ENDORSEMENTS

1. SPECIAL ENDORSEMENT UNITED STATES GOVERNMENT EMPLOYEES

   A. Under the Property Damage coverage of Section I, we provide coverage to United States Government employees, civilian or military, using

      1  Motor vehicles owned or leased by the United States Government or any of its agencies, or

      2.  Rented motor vehicles used for United States Government business,

      when such use is with the permission of the United States Government.  Subject to the limits described in paragraph B. below, we will pay sums *you* are legally obligated to pay for damage to these vehicles.

   B. The following limits apply to this Coverage.

      1  A $100 deductible applies to each occurrence

      2.  For vehicles described in A.1. above, our liability shall not exceed the lesser of the following.

         (a) the *actual cash value* of the property at the time of the occurrence; or

         (b) the cost to repair or replace the property, or any of its parts with other of like kind and quality; or

         (c) two months basic pay of the *insured*; or

         (d) the limit of Property Damage liability coverage stated in the declarations

      3.  For vehicles described in A.2. above, our liability shall not exceed the lesser of the following:

         (a) the *actual cash value* of the property at the time of the occurrence,

         (b) the cost to repair or replace the property, or any of its parts with other of like kind and quality, or

         (c) the limit of Property Damage liability coverage stated in the declarations

This insurance is excess over other valid and collectible insurance.

W. C. E. Robinson
Secretary

William E. Roberts
President