**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Daniel Johnson,** | **CASE NO. 1:18 CV 1353** |
| **Plaintiff,** | **JUDGE PATRICIA A. GAUGHAN** |
| Vs. | |
| **Geico Choice Insurance Company,** *et al.*, | **Memorandum of Opinion and Order** |
| **Defendants.** | |

## INTRODUCTION

This matter is before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Class Action Complaint (Doc. 14). Also pending is Defendants' Motion to Strike Class Allegations in Plaintiff's Amended Class Action Complaint (Doc.15). This is an insurance coverage dispute. For the reasons that follow, the motion to dismiss is GRANTED in PART and DENIED in PART and the motion to strike is GRANTED.

## FACTS

For purposes of ruling on the motion to dismiss, the facts asserted in the Amended Class Action Complaint (Doc. 12) are presumed true.

1

Plaintiff Daniel Johnson purchased automobile insurance from defendant Geico Choice Insurance Company.[1] The policy contained medical payments coverage in the amount of $10,000. The policy provides that defendant will pay "all reasonable expenses actually incurred."

On August 30, 2017, plaintiff was involved in a motor vehicle accident and sought medical treatment from the Cleveland Clinic emergency room. He was billed $339.00 for professional services and $796.00 for technical services. On September 9, 2017, plaintiff returned to the Cleveland Clinic for additional treatment. He was billed $721.00 for professional services and $1,070.00 for technical services. Thus, plaintiff was billed a total of $1060.00 for professional services and $1866.00 for technical services. Plaintiff thereafter submitted the bills to defendant. Defendant paid the full amount for professional services, but paid only $1211.00 for the technical services. Plaintiff alleges that defendant cited "Code 765" as the reason it did not pay the remaining $665.00. Plaintiff alleges that defendant denied coverage for a portion of services provided by a Dr. Hochman based on Code 765. It is unclear whether this is in addition to the denial of the $665.00 for technical services. Regardless, plaintiff alleges that defendant "paid the exact same service rendered by Dr. Hochman dozens of other times."

Code 765 is a denial based on charges that are not "reasonable when compared to the

---

[1] Plaintiff named Geico Insurance Company and Geico Choice Insurance Company as defendants. In their motion, defendants point out that there is no formal entity known as "Geico Insurance Company." Given plaintiff's allegations, defendants assume that plaintiff intended to name Government Employees Insurance Company and its affiliates. Regardless, for purposes of addressing the pending motions and for ease of reference, the Court refers to defendant in the singular.

charges of other providers in the same geographic area." According to plaintiff, the policy does not permit such a denial. Plaintiff files this class action lawsuit on behalf of himself and other similarly situated individuals. The complaint contains two claims for relief. Count one is a breach of contract claim and count two is a claim for bad faith. Defendant moves to dismiss the complaint and to strike the class allegations. Plaintiff opposes both motions.

### **ANALYSIS**

A. Motion to dismiss

1. Standing

Defendant moves to dismiss on the grounds that plaintiff lacks standing to assert this claim. According to defendant, the complaint lacks any factual allegations suggesting that plaintiff incurred an injury-in-fact. Defendant claims that the complaint fails to allege that plaintiff paid the $665.00 to the Cleveland Clinic or that the Cleveland Clinic made any effort to collect the charges. Nor does plaintiff allege that he suffered damage to his credit reputation. Defendant points out that it raised this precise issue in a previous motion to dismiss. Although plaintiff filed an amended complaint, he made no effort to supplement any of this information.

In response, plaintiff argues that he alleges that the Cleveland Clinic billed him for services and that defendant failed to pay those charges. Plaintiff further argues that there is no provision in the policy that requires plaintiff to pay the Cleveland Clinic before defendant pays plaintiff the coverage the policy provides.

Upon review, the Court finds that plaintiff has standing to assert the claims in the complaint. In order to establish standing, the plaintiff "bears the burden of showing: (1) an injury in fact that is 'concrete and particularized' and 'actual and imminent,' (2) that the injury is

3

fairly traceable to the challenged action of the defendant, and (3) that the injury is likely to be redressed by a favorable decision." *Springer v. Cleveland Clinic Employee Health Plan Total Care*, 900 F.3d 284 (6 th Cir. 2018)(*citing Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547-48 (2016)). According to defendant, plaintiff fails to sufficiently allege an "injury in fact." But, plaintiff expressly alleges that he sought and received medical treatment from the Cleveland Clinic and was billed for the services. According to the complaint, defendant wrongfully denied coverage for the very services for which the Cleveland Clinic billed plaintiff. Having received a bill for the services rendered, the Court finds that plaintiff suffered an injury in fact that is both "concrete and particularized" as well as "actual and imminent." The fact that the Cleveland Clinic may theoretically opt to forego collection efforts does not alter plaintiff's standing to bring suit at this point.

For these same reasons, the Court finds that plaintiff's failure to allege that he paid the Cleveland Clinic or that the Cleveland Clinic refuses to "waive" the claim does not warrant dismissal. According to defendant, these facts must be alleged in order for plaintiff to properly state a claim for relief. But, the policy provides coverage for "all reasonable expenses actually incurred by an insured...for necessary medical...services." For purposes of a motion to dismiss, the Court finds that an allegation that plaintiff sought medical services for which he received a bill from the provider is sufficient to state a claim that plaintiff "actually incurred" expenses. Discovery may demonstrate that the Cleveland Clinic will legally waive its right to collect for those expenses, but the Court finds that plaintiff is not required to allege the inverse, *i.e.*, that the Cleveland Clinic has *not* waived its rights. Rather, the allegations in the complaint sufficiently allege that plaintiff "actually incurred" a medical expense.

4

2. Breach of contract

Here, plaintiff alleges that defendant refused to pay $665.00 of his medical bills on the grounds that the charges were excessive in "comparison of similar charges in the area." Defendant argues that the policy expressly permits the $665.00 deduction it took in this case. In response, plaintiff argues that the policy and governing law prohibit defendant from reducing the amount it pays based on a comparison of charges in the area.

Upon review, the Court agrees with defendant that the policy does not contain a wholesale prohibition on "comparison" reductions. The policy contains the following language:

PAYMENTS WE WILL MAKE

Under this Coverage, we will pay all reasonable expenses actually incurred by an insured within one year from the date of accident for necessary medical, surgical, x-ray, dental services, prosthetic devices, ambulance, hospital, professional nursing and funeral services. The one year limit does not apply to funeral services. In addition, these expenses shall be submitted for payment within two years from the date of the accident.

(Doc. 8-2 at PageID 130).

Plaintiff argues that O.R.C. § 2317.421 prohibits defendant from paying less than the amount billed. According to plaintiff, the amount billed is *prima facie* evidence of reasonableness. The statute provides as follows:

Admissibility of medical or funeral bills as prima-facie evidence of reasonableness

In an action for damages arising from personal injury or wrongful death, a written bill or statement, or any relevant portion thereof, itemized by date, type of service rendered, and charge, shall, if otherwise admissible, be prima-facie evidence of the reasonableness of any charges and fees stated therein for medication and prosthetic devices furnished, or medical, dental, hospital, and funeral services rendered by the person, firm, or corporation issuing such bill or statement, provided, that such bill or statement shall be prima-facie evidence of reasonableness only if the party offering it delivers a copy of it, or the relevant portion thereof, to the attorney of record for each adverse party not less than five days before trial.

5

Contrary to plaintiff's argument, this statute does not require that insurers pay the full amount of the medical bill submitted by medical providers in all cases. Rather, it simply creates a *rebuttable* presumption of reasonableness. *St. Vincent Medical Center v. Sader*, 654 N.E.2d 144, 146 (Ohio Ct. App. 1995). If the insurer challenges the medical bills by coming forward with evidence that the charges are excessive for the geographic area, then the insurer need not pay the charges. *Id*. Thus, far from mandating the payment of the face value of all medical bills in all cases, O.R.C. § 2317.421 simply sets up the evidentiary mechanism to assess the reasonableness of medical bills in personal injury or wrongful death actions.

Next plaintiff argues that the policy language is ambiguous and therefore defendant can never deny coverage based on the grounds that it exceeds an "average" or "customary" amount. According to plaintiff, the policy contains no language permitting such a deduction. In response, defendant argues that the policy provides coverage only for "reasonable expenses." If an expense charged by a medical provider exceeds the amount charged by similar providers, then it is unreasonable and is not a covered expense.

"The question of whether the language of an agreement is ambiguous is a question of law." *United States v. Donovan*, 348 F.3d 509, 512 (6th Cir. 2003) (*citing Parrett v. Am. Ship Bldg. Co.*, 990 F.2d 854, 858 (6th Cir. 1993)). Where the terms of a contract are clear and unambiguous, the Court presumes that the parties' intent resides in the words utilized in the agreement. *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 817-18 (6th Cir. 1999). "[I]f the meaning of the contract is apparent, the terms of the agreement are to be applied, not interpreted." *Id*. "Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special

6

meaning will extrinsic evidence be considered to give effect to the parties' intentions." *Shifrin v. Forest City Enterprises, Inc.*, 597 N.E.2d 499, 501 (Ohio 1992). Under Ohio law, common words appearing in the contract "will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *Id*. (internal quotation and citation omitted).

Upon review, the Court finds that nothing in the policy prevents defendant from denying coverage for charges that exceed local averages as "unreasonable." As set forth above, the parties agreed that defendant would "pay all reasonable expenses actually incurred by an insured...for necessary medical...services." Plaintiff argues that other insurers use words such as "usual, customary, and reasonable charges" in crafting coverage provisions. Here, however, defendant used only the phrase "reasonable expenses." But, insurers need not use the same language in drafting policies. On its face, the term "reasonable" modifies the word "expense" such that only "reasonable expenses" are covered. There is nothing on the face of the policy that prevents defendant from denying coverage for expenses that are unreasonable in light of amounts charged by other providers within the same locality. A simple example illustrates the point. If a provider charged plaintiff $1 million to apply a bandage, the Court has no doubt that the policy language allows defendant to deny coverage on the grounds that the charge is not a "reasonable expense" since other providers in the locality do not charge nearly as much. As such, to the extent plaintiff alleges that the policy prevents defendant from *ever* denying coverage based on a comparison between the charge at issue and the amount charged by other providers, plaintiff fails to state a claim for which relief may be granted.

On the other hand, the Court finds that plaintiff sufficiently alleges that defendant

breached the insurance contract in denying plaintiff's particular claim. Plaintiff asserts that defendant refused to pay $665.00 based on a determination that the charge was unreasonable when compared to the charges of other providers in the same geographic area. Plaintiff further alleges that "defendant paid the exact same charge for the exact same service" dozens of other times. In other words, plaintiff alleges that the $665.00 charge was not unreasonable. As such, defendant wrongfully denied coverage. Thus, while plaintiff's claim cannot be based on the argument that the policy *always* prevents such deductions, plaintiff's claim can be based on the allegation that defendant wrongfully denied coverage based on the specific facts of plaintiff's claim.

        3. Bad faith

Defendant moves to dismiss plaintiff's bad faith claim on the grounds that "there is no plausible breach of the policy." Defendant claims that it had a proper basis to deny coverage for unreasonable expenses. The Court, however, determined that plaintiff stated a claim for breach of contract by alleging that the $665.00 reduction was not reasonable in that defendant often paid the full charge. As defendant identified no other basis for dismissal of the bad faith claim, the claim remains pending.

    B. Motion to strike

Defendant moves to strike the class allegations on the grounds that an analysis of each class member's claim will require individualized inquires into the reasonableness of the medical expense at issue. Defendant also argues that plaintiff fails to allege an ascertainable putative class and that plaintiff is not an adequate class representative. According to defendant, discovery will not alter the defects in the class claim. In response, plaintiff argues that the policy prohibits

8

defendant from deducting any amount based on the fees charged by local providers.  According to plaintiff, this claim is a "classic case" for class treatment.

Upon review, the Court agrees with defendant.  A court may strike class action allegations before a motion for class certification where the complaint itself demonstrates that the plaintiff cannot meet the requirements for maintaining a class action. *See Pilgrim v. Universal Health Card., LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (noting that Rule 23(c)(1)(A) states that the district court should decide whether to certify a class "[a]t an early practicable time" in the litigation). If discovery will not "alter the central defect in th[e] class claim," a court may strike class allegations prior to discovery. *Id.*; *see also Cowitt v. CitiMortgage, Inc.*, 2013 WL 940466, at *2 (S.D. Ohio Mar. 8, 2013).

A plaintiff must meet the Rule 23(a) prerequisites and fall within one of the three types of class actions listed in Rule 23(b) to receive class certification. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012). To meet the Rule 23(a) requirements, (1) the class must be "so numerous that joinder of all members is impracticable;" (2) there must be "questions of fact or law common to the class;" (3) "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the class;" and (4) the named plaintiff must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The party seeking class certification bears the burden of proving that it has met all four requirements of Rule 23. *Young*, 693 F.3d at 537.

Here, the Court need only address commonality because plaintiff's own allegations show that he cannot meet this requirement.  Having concluded that plaintiff fails to state a claim for relief based on a theory that the policy wholly prohibits defendant from *ever* denying coverage

9

based on a comparison of fees charged by other providers, plaintiff must show that defendant wrongfully denied his particular claim. Thus, defendant may do so by introducing evidence that the charge he incurred was reasonable compared to the rates charged by other providers. But, each putative class member will be required to introduce his or her own evidence in this regard. A plaintiff residing in an urban area who received treatment from a specialist will rely on proof very different from a plaintiff residing in a rural area who received treatment from a general practitioner. To assess the validity of each plaintiff's claim, this Court would be required to hold a series of "mini-trials" and conduct an individualized analysis to determine the "reasonableness" of each amount defendant did not cover. This type of individualized inquiry renders class action treatment improper. Because it is apparent from the face of the complaint that commonality cannot be satisfied, and because plaintiff fails to show how discovery will cure this defect, the Court strikes the class allegations. The same analysis applies to plaintiff's bad faith claim. Having concluded that commonality cannot be satisfied, the Court need not address the remaining arguments made by defendant.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss is GRANTED in PART and DENIED in PART and the motion to strike is GRANTED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Dated: 12/10/18                Chief Judge